UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05 CV 1812 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NORTHEAST OHIO CORRECTIONAL | ) | AND ORDER |
| CENTER WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

On June 14, 2005, plaintiff/petitioner pro se John Perotti filed a petition for a writ of habeas corpus in the Ohio Seventh District Court of Appeals claiming he was placed in the segregation unit of the Northeast Ohio Correctional Center and was denied access to the law library. The Defendant/Respondent removed this action to federal court on July 18, 2005, claiming the action asserted claims which are more appropriate to a Bivens[1] action. Mr. Perotti filed a Motion to Remand the case on July 26, 2005, stating that he was seeking only state habeas relief and did not intend to raise claims in

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While the Defendant/Respondent cites 42 U.S.C. § 1983 as the basis of the claim, the defendant is a federal prisoner housed in a private prison. There is no allegation of an action taken under color of state law.

a federal civil rights action. For the reasons set forth below, any <u>Bivens</u> claims Mr. Perotti may be raising are dismissed, and this action is remanded to the Ohio Court of Appeals for disposition of the habeas corpus claims.

### *Background*

The facts of the petition are very brief. Mr. Perotti states he was moved to the segregation unit without advanced written notice on May 15, 2005 and has been denied any form of appeal. He claims that in addition, he has been denied access to a law library and has been hindered in purchasing stamps, which caused him to miss filing deadlines. He asserts that these actions violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment United States Constitutional rights "and corresponding Ohio Constitutional rights." (Pet. at 2.) He seeks his return to the general prison population, and access to the law library.

### *Analysis*

To the extent that Mr. Perotti's petition could be construed as asserting <u>Bivens</u> claims, it must be dismissed without prejudice. A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1988), <u>cert. denied</u>, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.

Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

There is no suggestion in the complaint that Mr. Perotti exhausted his administrative remedies for each of these claims. He does not attach copies of relevant grievance. Moreover, he alleges only that he "grieved these issues." (Pet. at 2.) He does indicate the type of grievances filed, the content of the grievances, to whom they were filed, the responses they received, and whether they were appealed to the highest administrative authority. Without this information, civil rights claims cannot proceed.

Mr. Perotti's petition also raises matters of state law. Whether the claims set forth in the pleading provide grounds for state habeas corpus relief as Mr. Perotti suggests are questions for the Ohio

Court of Appeals to decide. Consequently, Mr. Perotti's state law claims are remanded.

### *Conclusion*

Accordingly, any claims which could be construed as arising under a federal civil rights cause of action are dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Mr. Perotti's claims seeking state habeas corpus relief are remanded to the Ohio Seventh District Court of Appeals. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Peter C. Economus - 8/9/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.