IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05 CV 1812 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHEAST OHIO | ) | MEMORANDUM OPINION |
| CORRECTIONAL CENTER | ) | AND ORDER |
| WARDEN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon Plaintiff's *pro se* "Motion for Relief from Judgment" (Dkt. #9) and "Motion to Correct the Record and or Relief from Judgment" (Dkt. 8), seeking relief from this Court's August 9, 2005 judgment (Dkt. #5) and requesting the Court reinstate his cause of action. Also before the Court are Defendant's Memorandum in Opposition (Dkt. #10) and Plaintiff's "Reply to Defendants [sic] Memorandum in Opposition." (Dkt. #11). For the reasons discussed below, the Court **DENIES** the Plaintiff's motions.

On June 14, 2005, Plaintiff filed a petition for a writ of habeas corpus in the Ohio Seventh District Court of Appeals, claiming Defendant violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. The Defendant removed this action to the federal court on July 18, 2005. (Dkt. #1). Plaintiff filed a Motion to Remand on July 26, 2005.

(Dkt. #3). On August 9, 2005, this Court issued an Order and Judgment Entry dismissing those claims of Plaintiff's which could be construed as federal civil rights claims and remanding Plaintiff's state habeas corpus petition to the Ohio Seventh District Court of Appeals. (Dkt. #4,5). On August 16, 2005, Plaintiff filed a "Motion to Withdraw Motion to Remand," (Dkt. #7) and on August 17, 2005, Plaintiff filed a "Motion to Alter Judgment." (Dkt. #6). The Court, pursuant to its August 9, 2005 Judgment Entry, issued an order on August 23, 2005 withdrawing both of Plaintiff's motions. Plaintiff then filed the current motions for relief from judgment. (Dkt. #8,9).

Plaintiff contends that "the clerk or someone mistakenly withdrew [his] motion to alter, rather than withdraw the motion to remand." (Dkt. #8). He further states that "Rule 60 . . . allow [sic] the Court to correct all clerical errors" and requests the Court "correct and reinstate this action." (Dkt. #8). Additionally, Plaintiff "moves the Court to grant relief from the Judgement of dismissal as it was based on erroneous information." (Dkt. #9). Though Plaintiff generally references "Rule 60," it is apparent from his motions that he seeks relief under subsection (a) of the rule. Rule 60(a) provides:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

FED. R. CIV. P. 60(a)(2005). Accordingly, a court may only modify its judgment if the "error was mechanical in nature rather than the result of a deliberate choice." In re Walter, 282 F.3d 434, 441 (6th Cir.2002). "The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an 'error of substantive judgment.'"

In re Walter, 282 F.3d at 440 (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 364 (6th Cir. 1990).

Plaintiff's request is not based on a clerical mistake but on a substantive issue. He disagrees with the Court's dismissal of his federal civil rights claims and the Court's remanding of his state habeas claim.[1] (Dkt. #4). Plaintiff is asking this Court to modify its decision dismissing and remanding his action. Such a modification is substantive in nature and would require the Court "to revisit its legal analysis" rather than merely correct a "mechanical error." Consequently, Plaintiff's motion for relief based on a Rule 60(a) clerical mistake is denied.

In the event Plaintiff's general reference to "Rule 60" is meant to encompass subsection (b), Plaintiff's requests for relief would similarly fail.[2] Rule 60(b) requires that "a party seeking relief from judgment must show the applicability of the rule." Jinks v. Allied Signal, 2001 U.S. App. LEXIS 8958 (6th Cir.) at *9 (citing Lewis v. Alexander,

---

[1] Plaintiff incorrectly asserts that this Court, in its Order and Memorandum Opinion dated August 9, 2005, "dismissed the Bivens claims as not being exhausted per 28 CFR section 542.14 in the mistaken belief that this is a federal prison." (Dkt. #8). This court dismissed Plaintiff's federal civil rights claims pursuant to 42 U.S.C. section 1997e for failure to exhaust administrative remedies available to Plaintiff. (Dkt. #4).

[2] Rule 60(b) provides: On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b) (2005).

987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks, 2001 U.S. App. LEXIS 8958, at *8. Plaintiff has not shown the Court that his Motion for Relief falls within any of the six subsections of Rule 60(b), rather, he simply states "R. 60 FRCP [sic] is the proper vehicle in that it allows relief for erroneous information." (Dkt. #11). As such, Plaintiff is not entitled to any relief under Rule 60(b).

Accordingly, Plaintiff's motions to correct the record and for relief from judgment are **DENIED**. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); FED.R.APP.P. 22(b).

**IT IS SO ORDERED.**

/s/ *Peter C. Economus* - 9/30/05
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**